**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:25CV-P811-JHM**

**MARVIUAN JAMAAL JACKSON**                                      **PLAINTIFF**

**v.**

**DEPUTY JUDKINS**                                              **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Marviuan Jamaal Jackson filed the instant *pro se* 42 U.S.C. § 1983 action.  This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Breckinridge County Detention Center (BCDC).  He sues Deputy Judkins, a BCDC correctional officer, in his individual and official capacities.

Plaintiff states that on September 29, 2025, he "felt the urge to isolate myself just needing to clear my head."  He further states as follows:

> Deputy Judkins walked me to the 800 Hall of Breckinridge County where he done a body search where his touch was more of a caress, he slowly caressed the inside of my inner thighs and groped my groin which was for obvious sexual gratification, he stood so close behind me that I could feel the bottom of his stomach touch my back.

Plaintiff maintains that he made a report to the jailer but that no action was taken.  He also "made a [Prison Rape Elimination Act (PREA)] call on the lawyer phone and never got investigated."  He states that Judkins "still serves my food" and that he has been "under emotional distress since the incident and can't really sleep and I wasn't taken serious."  He also states that Judkins "has other PREAs on him prior to the one I reported."

Plaintiff describes another incident which occurred on October 9, 2025, where he was returning to BCDC from another county. He states as follows:

> As soon as I got to booking Deputy Judkins gave me a thumbs up like he was trying to taunt me for putting a PREA on him. Then about 5 minutes after that Samantha Hale was going to let him do a body search on me which is procedure after coming back from another facility, until I told her I have an active PREA on him. I feel "Breckinridge County" have violated my constitutional rights by not going through the standard procedure once I reported it nothing was done and I'm still currently housed here, "Deputy Judkins" violated me for my loss of dignity, embarrassment, humiliation & emotional distress, and I want to be compensated for emotional damages for $1.2 million.

As relief, Plaintiff seeks compensatory damages only.

## II. STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-capacity claim

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's

official-capacity claim against Judkins is actually against his employer, Breckinridge County.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Plaintiff does not allege that any of Judkins's actions were motivated by a policy or custom of Breckinridge County.

Moreover, with regard to Plaintiff's claim that Breckinridge County failed to follow standard procedure by not investigating his claim against Judkins, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation).

Furthermore, citizens have no constitutional or federal statutory right to compel the investigation of another person. *Ruffin v. Milacheck*, No. 5:22CV-P159-JHM, 2023 U.S. Dist. LEXIS 91248, at *6 (W.D. Ky. May 24, 2023) (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54 (1986)); *see also Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S.

Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017). In addition, several courts have recognized that an alleged failure to investigate a PREA complaint does not state a constitutional claim. *See, e.g.*, *Williams v. Guester*, No. 1:22-cv-984, 2023 U.S. Dist. LEXIS 21443, at *24-29 (W.D. Mich. Feb. 8, 2023) (dismissing due process claims based upon prison officials' alleged failure to investigate a PREA complaint); *Bracy v. Tully*, No. 1:22cv827 (RDA/WEF), 2022 U.S. Dist. LEXIS 143051, at *8-9 (E.D. Va. Aug. 10, 2022) (holding "no freestanding constitutional right" to an investigation into a PREA complaint under § 1983) (citation omitted) (collecting cases); *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 U.S. Dist. LEXIS 193225, at *13 (W.D. Ky. Nov. 13, 2018) (dismissing a PREA failure-to-investigate claim finding that "an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person") (citing, *inter alia*, *Diamond*, 476 U.S. at 64-65).

For these reasons, Plaintiff's official-capacity claims against Judkins must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claim*

### *1. Body search*

The Sixth Circuit has held that minor, isolated incidents of sexual touching do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Hunter v. Palmer*, No. 20-1284, 2021 U.S. App. LEXIS 14961, at *12 (6th Cir. May 19, 2021) (holding that inmate's allegations that he "was singled out for a pat-down search and [an officer] sexually assaulted him during the search by sliding his hands between [his] buttocks and twice caressing his genitals" failed to state a claim

under the Eighth Amendment) (6th Cir. May 19, 2021); *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 U.S. App. LEXIS 11463, at *4 (6th Cir. May 11, 2000) (holding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Johnson v. Unknown Goodspeed*, No. 1:25-cv-760, 2025 U.S. Dist. LEXIS 155263, at *37 (W.D. Mich. Aug. 12, 2025) (finding inmate's allegations that officer smacked him on the buttocks and made sexual remarks failed to the state an Eighth Amendment claim).  Accepting Plaintiff's allegations as true, the Court finds that the alleged touching was minor and isolated and does not state a claim for a violation of the Eighth Amendment.  Therefore, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Thumbs up

With regard to Plaintiff's allegation that "Judkins gave me a thumbs up like he was trying to taunt me for putting a PREA on him," the Court construes it as a retaliation claim.  Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam). In order to state a retaliation claim, a plaintiff must show that:  (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of

ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394). It is well established that verbal harassment and minor threats do not "constitute an adverse action of constitutional significance within the meaning of a First Amendment retaliation claim." *Spearman v. Williams*, No. 22-1309, 2023 U.S. App. LEXIS 18152, at *11 (6th Cir. July 17, 2023) (citing *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003)); *see also Hamilton v. Bolton*, No. 2:24-cv-11, 2024 U.S. Dist. LEXIS 168038, at *12 (W.D. Mich. Sept. 18, 2024) ("The Sixth Circuit . . . has concluded that verbal harassment and minor threats do not constitute adverse action.").

The Court finds that Judkins's act of giving Plaintiff a thumbs up does not amount to an adverse action to meet the standard for stating a retaliation claim. Therefore, the Court finds that this claim must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date:   May 5, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010

7